IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PURCELL BRONSON, )
     Plaintiff )
        )
 vs.          ) Civil Action No. 10-1517
          ) Judge Alan Bloch
CLARENCE HUNT; ALLEGHENY ) Chief U.S. Magistrate Judge Lisa Pupo Lenihan
COUNTY COURT, CRIMINAL DIVISION,)
          )
     Defendants )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the Plaintiff's application for leave to proceed in forma pauperis (ECF No. 1) be denied.

### REPORT

Purcell Bronson, ("Plaintiff") is a prisoner who has filed many, many lawsuits and is well known to the Court. He is a twice-convicted murderer. While serving a life sentence in prison for his first conviction for murder of the second degree, he committed his second murder by killing a fellow inmate for which he was convicted of first degree murder. See Bronson v. Stickman, No. 2:07-CV-1191 (W.D. Pa. habeas petition attacking his second murder conviction). He is currently incarcerated at SCI-Mahanoy, which is located within the territorial limits of the United States District Court for the Eastern District. ECF No. 1-2 at 1, ¶ 1. In Plaintiff's civil rights complaint, Plaintiff names as defendants, Clarence Hunt and the Allegheny County Court of Common Pleas, Criminal Division. Plaintiff complains that Clarence Hunt was a state trooper involved in Plaintiff's criminal prosecution for his second murder conviction obtained in

Commonwealth v. Bronson, No. CC 930903 (Allegheny County CCP). Plaintiff complains that he filed a motion in the Allegheny County Court of Common Pleas, Criminal Division, for return of property that was confiscated in connection with the investigation of the second murder committed by Plaintiff. ECF No. 1-2 at 1, ¶ 3. Plaintiff complains that the property was not used in the Commonwealth's case nor was it contraband. Id., at ¶ 4. Plaintiff further complains that at no time since the conclusion of the trial in 1995 has his motion for return of the property been ruled upon. Id., at ¶ 5. Plaintiff further complains that as late as February 2009, the Allegheny County Court of Common Pleas has rebuffed all of his efforts to request a ruling on his motion to return property. Id., at ¶ 6. As to Defendant Hunt, Plaintiff alleges that on June 4, 1993, Defendant Hunt filed a State Police property form, reflecting all property confiscated from Plaintiff. Id., at ¶ 9. Plaintiff contends that Defendant Hunt has rebuffed all of Plaintiff's communications, as late as December 2008, to return Plaintiff's property. Id., at ¶ 9. Plaintiff contends that the Defendants's behavior in apparently refusing to return the property amounts to "retaliatory conduct in response to plaintiff being successful in avoiding their nefarious scheme of the imposition of the death penaly [sic] in" his second criminal conviction. Id., at ¶ 10. The Court notes that Plaintiff defended himself during his second criminal trial, in which he was successful in avoiding the death penalty but not successful in avoiding a first degree murder conviction. Plaintiff alleges that the foregoing reveals a violation of his First and Fourteenth Amendment rights. Id., at 2, ¶12. By way of relief, Plaintiff seeks declaratory judgment, injunctive relief and damages. Id., at ¶¶ 14 to 16.

Because Plaintiff has acquired at least three strikes, Plaintiff's *in forma pauperis* ("IFP") motion must be denied.

2

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., NO. CIV.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The court takes judicial notice of court records and dockets of the Federal Courts located in the Commonwealth of Pennsylvania as well as those of the Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2]

Plaintiff has indeed accumulated at least three strikes. See, e.g., Bronson v. Beaven, No. 08-3981 (3d Cir. Order filed Feb. 26, 2009 denying Petitioner leave to proceed IFP on appeal

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001)(noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

because "Bronson has had at least three cases dismissed as frivolous. See C.A. 97-3056,[3] 96-7771[4] and 93-3307.[5]"). Accordingly, because Plaintiff has at least three strikes Plaintiff may not proceed IFP. Nor has Plaintiff alleged anything in the complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

Because Plaintiff herein has failed to allege anything that would permit Plaintiff to proceed IFP, the IFP motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee of $350.00 within a time certain or face dismissal of the complaint for failure to prosecute.

**CONCLUSION**

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation, a copy of which docket entry is being mailed to Plaintiff along with the Report. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

　　　　　　　　　　　　　　　　　　　　　
Lisa Pupo Lenihan
Chief U.S. Magistrate Judge

---

[3] Bronson v. Edwards, No. 97-3056 (3d Cir. Order of 5/27/1997 dismissing appeal as frivolous).

[4] Bronson v. Newfield, No. 96-7771 (3d Cir. Order of 6/18/1997 dismissing appeal as frivolous).

[5] Bronson v. Stapleton, No. 93-3307 (3d Cir. Order of 12/28/1993 dismissing appeal pursuant to 28 U.S.C. § 1915(d)).

Dated:

cc: The Honorable
United States District Judge


Purcell Bronson
AF-8163
SCI-Mahanoy
301 Morea Road
Frackville, PA 17932